UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RADIANA DZHAVGOVA,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY, *et al.*,

Respondents.

Case No. 1:26-cv-7906-DC-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner was admitted to the United States in 2011 on a nonimmigrant visa that expired that year. She was detained by ICE on September 22, 2026, while waiting for a domestic flight at the San Francisco International Airport. Petitioner, proceeding with counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

In June 2011, immigration authorities admitted petitioner to the United States on a nonimmigrant visa. ECF No. 1 at 18; ECF No. 7-1 at 3. Petitioner has lived in this country since that date. *Id.* On August 25, 2011, petitioner filed an application to extend or change her nonimmigrant status. ECF No. 7-1 at 3. Her nonimmigrant visa expired on September 10, 2011. *Id.* Immigration authorities denied her petition on December 25, 2011. *Id.*

On September 15, 2026, petitioner flew from Chicago, Illinois, to San Francisco, California, to help her U.S. citizen sister after an operation. ECF No. 1 at 6. Petitioner has a REAL ID-compliant driver's license and a valid social security number. *Id.* She had no issue checking in for the flight from Chicago to San Francisco and clearing security. *Id.* On September 22, 2026, petitioner was in the waiting area of the airport in San Francisco, waiting for her flight home to Chicago, when ICE approached and detained her. ECF No. 1 at 6; ECF No. 7-1 at 3. ICE provided her no warrant or notice regarding why she was taken into detention. ECF No. 1 at 6. An ICE officer decided not to issue her a bond or any form of alternative to incarceration. ECF No. 7-3. Petitioner requested that an immigration judge review ICE's determination to detain her without bond. ECF No. 7-3. Petitioner has no criminal record or any history in immigration court. ECF No. 1 at 6. Petitioner has not received a bond hearing. ECF No. 1.

## Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## Analysis

Petitioner challenges her detention by ICE and her custody since that arrest. ECF No. 1. Respondents argue that petitioner has been detained under section 1226(a) and is entitled to a bond hearing in immigration court, but "acknowledge[] that this case fits into the category of cases in which the Court has found that a noncitizen's previous undetected presence beyond authorized stay in the United States is more significant than the government's interest in detaining

for removal proceedings and thus, ordered immediate release." ECF No. 7 at 1-2.

Respondents note that the court has previously held that "noncitizens admitted to the United States pursuant to a visa, but not detained within a reasonable time after the expiration of their lawful status, develop a vested liberty interest in remaining free from detention such that due process forbids the government from detaining the noncitizen unless they are first provided with adequate notice and a pre-deprivation hearing before a neutral arbiter at which bond must be considered." *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-5505-DC-CKD, 2026 WL 2949219, at *5–7 (E.D. Cal. Oct. 1, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed her visa be returned to the status quo ante litem); *Kaur v. Chestnut*, No. 1:26-cv-5349-DC-CSK, 2026 WL 2790742, at *1 (E.D. Cal. Sept. 17, 2026) (adopting findings and recommendations, granting petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed their visa be released immediately); *Zhou v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-5774-DC-CSK, 2026 WL 2825584, at *1 (E.D. Cal. Sept. 21, 2026) (same).

For the reasons set forth in those cases, I find that petitioner developed a vested liberty interest in remaining free from detention during the fifteen years since she entered the United States on a nonimmigrant visa. Petitioner's sister, brother-in-law, and her niece are all U.S. citizens. ECF No. 1 at 6. Petitioner asserts, and respondents do not contest, that she is a "productive member of society [and] has deep roots[s] in the community[.]" *Id.* at 7.

That liberty interest "could not be revoked absent notice and a pre-deprivation hearing before a neutral arbiter." *Olivera Tinoco*, 2026 WL 2949219, at *4. Petitioner was not provided any pre-deprivation process. Rather, she was taken into custody abruptly, without being provided notice or a warrant, and without the opportunity to contact her family and counsel. ECF No. 1 at 3. Petitioner has not received the process she is entitled to under the controlling statute, 8 U.S.C. § 1226(a). Respondents concede that petitioner requested a custody redetermination hearing before an immigration judge, but no hearing has yet been held, while petitioner has been in custody for weeks. ECF No. 7 at 1; ECF No. 7-3.

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). Here, I find that the "typical remedy" of release is appropriate because the government has not provided a lawful justification for petitioner's detention. *See Munaf*, 553 U.S. at 693. Respondents have not provided any evidence or argument suggesting that petitioner is a danger to the community or a flight risk. *See* ECF No. 7. Petitioner has no criminal history in her fifteen years in the United States. Moreover, respondents "cannot reasonably assert that the public and government will be harmed in any legally cognizable sense by being enjoined from violating [p]etitioner's due process rights." *See Pineda v. Chestnut*, No. 1:25-cv-1970-DC-JDP, 2026 WL 25510, at *6 (E.D. Cal. Jan. 5, 2026) (citing *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983)). Under these circumstances, I find that the "typical remedy" of release is appropriate. *See Munaf*, 553 U.S. at 693.

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondents be ordered to immediately release petitioner (A-Number: 246-934-779) from its custody. Respondents shall not impose any additional restrictions on petitioner, unless that is determined to be necessary at a future pre-deprivation hearing. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a constitutionally compliant pre-deprivation bond hearing before a neutral arbiter at which the government bears the burden of proving flight risk or danger by clear and convincing evidence. This order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be ordered to serve California City Detention Facility with a copy of this order.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 13, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE