UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RADIANA DZHAVGOVA,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-07906-DC-JDP (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. No. 9)

Petitioner, an immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 13, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (Doc. No. 9.) On October 16, 2026, Respondents filed objections to the findings and recommendations in which they assert that "[i]n order not to waive the right to appeal, Respondents generally object to the findings and recommendation[s] . . . for the reasons stated in [their] prior pleadings." (Doc. No. 10.) That same day, Petitioner filed a Reply to Respondents' objections, in which she states that "Respondents are attempting to generally renew arguments that were specifically rejected by the Report and Recommendations and had been rejected by this Court previously," and "requests that the Court

adopt the well-reasoned and detailed Report and Recommendations in full." (Doc. No. 11.)

Respondents' arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. Specifically, this court has held that noncitizens admitted to the United States pursuant to a visa, but not detained within a reasonable time after the expiration of their lawful status, develop a vested liberty interest in remaining free from detention such that due process forbids the government from detaining the noncitizen unless they are first provided with adequate notice and a pre-deprivation hearing before a neutral arbiter at which bond must be considered. *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD, 2026 WL 2949219, at *5–7 (E.D. Cal. Oct. 1, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds for the petitioner who had overstayed her visa); *Yang v. Warden, Cent. Valley Annex*, No. 1:26-cv-07250-DC-AC, 2026 WL 2982933 (E.D. Cal. Oct. 5, 2026) (same); *Velasquez Leon v. U.S. Att'y Gen./ICE*, No. 1:26-cv-07221-DC-CKD, 2026 WL 2982950 (E.D. Cal. Oct. 5, 2026) (same). This line of cases applies to Petitioner who was detained by immigration authorities for overstaying her visa more than 15 years after that visa expired. (Doc. No. 7-1 at 3.) Thus, Respondents' objections provide no basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 13, 2026 (Doc. No. 9), are ADOPTED;

2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED on due

/////

/////

/////

/////

process grounds,[1] as follows:

a. Petitioner Radiana Dzhavgova (A-246-934-779) shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions she was subject to immediately prior to her detention in September 2026. Respondents shall not impose any additional restriction on her, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon Petitioner's release from custody;

c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. The Clerk of the Court is directed to serve a copy of this order on California City Detention Facility; and

---

[1] Because the court is granting the petition on due process grounds, the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 20, 2026**

Dena Coggins
United States District Judge